**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: John R. Lyons | CHAPTER 13 |
| Debtor | |
| | |
| PENNSYLVANIA HOUSING FINANCE AGENCY | |
| Movant | |
| vs. | NO. 18-15216 MDC |
| | |
| John R. Lyons            Debtor | |
| | |
| Johanny Duran            Co-Debtor | |
| | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller Esq.            Trustee | |

**MOTION OF U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
PENNSYLVANIA HOUSING FINANCE AGENCY
FOR RELIEF FROM THE AUTOMATIC STAY *NUNC PRO TUNC*
UNDER SECTION 362 AND THE CO-DEBTOR STAY UNDER SECTION 1301**

1.      Movant is U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
PENNSYLVANIA HOUSING FINANCE AGENCY ("Movant").

2.      Debtor, John R. Lyons ("Debtor") filed a Chapter 13 Bankruptcy Petition on
August 6, 2018.

3.      William C. Miller is the Trustee appointed by the Court.

4.      For the reasons set forth below, including, but not limited to the fact that Debtor
failed to move to extend the automatic stay and that this second bankruptcy filing is presumed to
have been filed in bad faith pursuant to 11 U.S.C. § 362(c)(3)(B), Movant seeks an Order
granting relief from the automatic stay on a *nunc pro tunc* basis effective as of November 5,
2018.

I. **Procedural and Factual History**

   A. **Movant's Foreclosure Action and Sheriff's Sale**

   5.      Movant is the holder of a mortgage in the original principal amount of $188,522.00

on the mortgaged premises (the "Property") that was executed on May 27, 2010 (the "Mortgage"),

by Debtor John R. Lyons and Co-Debtor Johanny Duran as co-mortgagors. Said Mortgage was

recorded on June 1, 2010 at Document No. 52217661. The Mortgage was subsequently assigned to

Movant by way of Assignment of Mortgage recorded on June 1, 2010, at Document No. 52217662

in Philadelphia County.

   6.      Co-Debtor Johanny Duran, who has not filed for bankruptcy in this case, is liable on

the Mortgage loan secured by the aforesaid Mortgage together with the Debtor, John R. Lyons.

   7.      Debtor failed to make the payments due and owing for November 1, 2015 onward

and as a result, on July 27, 2016, Movant filed a foreclosure action against Debtor in the

Philadelphia County Court of Common Pleas docketed at No. 160703076. Movant entered

judgment by default against Debtor on April 28, 2017, in the amount of $193,437.67.

   8.      Having secured a default judgment against Debtor, Movant filed a Writ of

Execution, and a sheriff's sale was scheduled for the Property for August 1, 2017. On the eve of

the sale date, Debtor filed an Emergency Petition to Delay the Sale which was granted and the

sheriff's sale was postponed until October 3, 2017. Again, on the eve of the sale, Debtor filed a

second Emergency Petition to Delay the Sale which was also granted and the sale was again

postponed until December 5, 2017.

   9.      On December 4, 2017, the day before the third scheduled sheriff's sale date of

Debtor's Property, Debtor filed his first chapter 13 bankruptcy Petition docketed at 17-18143-

MDC (the "2017 Bankruptcy").  With his 2017 Bankruptcy petition, Debtor failed to submit all

of the documents required by Federal Bankruptcy Rule 1007 and an Order was entered indicating

that the case would be dismissed if specific documents were not filed. In addition, Debtor did not

make a single plan payment to the Trustee. The Trustee filed a Motion to Dismiss the 2017

Bankruptcy which was unopposed by Debtor and an Order dismissing the 2017 Bankruptcy was entered on March 28, 2018.

10.    After securing a new Writ of Execution from the Philadelphia County Court of Common Pleas, Movant scheduled a fourth sheriff's sale for August 7, 2018.

11.    On August 6, 2018, once again on the eve of the sheriff's sale, Debtor filed this second chapter 13 bankruptcy petition (the "2018 Bankruptcy").

12.    With the filing of the 2018 Bankruptcy, Debtor again failed to file the required documents and is again facing a Motion to Dismiss filed by the Trustee. The Motion to Dismiss was filed on October 18, 2018, because Debtor failed to appear at the meeting of creditors as required by 11 U.S.C. §341(a) and because he failed to commence or continue making timely payments as required by 11 U.S.C. §1326 [Dk. #22]. Debtor finally appeared for his 341 meeting on January 4, 2019 (after failing to appear at two previous scheduled meetings).

13.    Debtor's proposed plan does not include curing the pre-petition arrears owed to Movant.  It calls for a loan modification to be approved by February 1, 2019, and if not approved, "Debtor will amend plan to provide for arrears. If debtor does not amend plan, creditor may request relief from the Stay" [Dk. #11].

14.    Despite it now being past the February 1, 2019 date provided for in Debtor's plan, an amended plan to account for the prepetition arrears has not been filed.  Debtor has also failed to maintain adequate protection payments to Movant.

15.    In addition, since December of 2015, Movant has had to advance $14,140.92 toward taxes and hazard insurance in order to adequately protect the Property.

16.    With Debtor's 2018 Bankruptcy Petition, Debtor was protected by the automatic stay found under 11 U.S.C. § 362(a) and the fourth scheduled sheriff's sale was postponed by Movant to September 11, 2018. The September 11, 2018 sheriff's sale was again voluntarily postponed by Movant and rescheduled for November 6, 2018. No application to extend the

automatic stay was filed by the Debtor. Finally, on November 6, 2018, the Property was sold to a third party by the Philadelphia County Sheriff.

17.     Debtor's 2018 Bankruptcy was filed less than a year after the dismissal of Debtor's 2017 Bankruptcy. There is also no dispute that Debtor did not move to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) nor did Movant move for relief from the automatic stay prior to the November 6, 2018 sheriff's sale.

18.     Pursuant to Section 362(d)(1) of the Bankruptcy Code, Movant now seeks an Order granting relief from the automatic stay on a on a *nunc pro tunc* basis such that the sheriff sale of the Property that occurred on November 6, 2018 in Philadelphia County is found not to have been done in violation of the automatic stay.

## II.    Legal Argument

19.     Section 362(d)(1) of the Bankruptcy Code authorizes a Court to grant a party in interest relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

20.     Cause is clearly present because Movant has not been adequately protected in any of the previous bankruptcy cases filed by Debtor on the eve of sheriff's sales.

21.     Movant is in need of *nunc pro tunc* relief because the foreclosure sale occurred after the automatic stay was terminated by operation of law pursuant to 11 U.S.C. §362(c)(3)(A).

22.     *Nunc pro tunc* relief is an available remedy under 11 U.S.C. § 362(d).   In re Sicilliano, 13 F.3d 748 (3d Cir. 1994) (the inclusion of the word "annul" in the statutory language of Section 362(d) indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void *ab initio*).

23.     The Third Circuit has identified three factors that Courts should consider when determining whether to retroactively annul the stay provided by 11 U.S.C. § 362(a): "(1) whether the creditor was aware of the filing or encouraged violation of the stay; (2) whether the debtor

engaged in inequitable, unreasonable, or dishonest behavior; and (3) whether the creditor would

be prejudiced.*" In re Myers*, 491 F.3d 120, 129 (3d Cir. 2007).

24. While Movant was aware of Debtor's 2018 Bankruptcy at the time of the sheriff's

sale, the automatic stay terminated by operation of law thirty (30) days after the petition date

pursuant to 11 U.S.C. §362(c)(3)(A).

25. Movant has not been adequately protected for almost three and a half (3.5) years.

The first time in three and a half (3.5) years that Movant could finally begin the process of putting

this matter to rest came when the Property sold to a third party at the foreclosure sale.  To not grant

Movant relief from stay *nunc pro tunc* subjects Movant to further delay and costs.  It is important to

remind this Court that Movant has been carrying the costs of the Property for some time, including,

monies expended to keep the taxes current, and to force place insurance. Those numbers will only

increase as the Debtor has consistently shown an inability and/or unwillingness to make any sort of

meaningful payment.

26. Additionally, since the sale has already gone through to a third party, Movant will

have to undergo numerous procedural steps to undue the sale, all of which would cost Movant

additional and unnecessary expenses.

27. Debtor is not prejudiced in any way as the Court has already determined that the stay

was not in effect as to Debtor when the sale proceeded.  Further, Debtor has not taken any steps to

attempt loss mitigation.

28. All of the factors set forth in *Myers* have been met and weigh in favor of granting

Movant relief from stay *nunc pro tunc*: (1) the sale took place after the termination of the automatic

stay pursuant to 11 U.S.C. §362(c)(3)(A); (2) the Debtor has continued to act in an inequitable,

dishonest and unreasonable manner because they clearly have no intention of actually reorganizing

any of their debts as evidenced by the passing of the loan modification deadline and failure to file an

amended plan; and (3) and Movant will undoubtedly be prejudiced if the stay is not annulled while

there is no prejudice to Debtor.

29.    Accordingly, the relief from stay granted pursuant to this Motion should be *nunc pro tunc* so as to finally allow Movant to proceed under its rights under the Mortgage.

**WHEREFORE**, Movant respectfully requests that this Honorable Court grant relief from the automatic stay on a on a *nunc pro tunc* basis effective as of November 5, 2018, together with any other relief as is just and proper.

**/s/ Kevin G. McDonald, Esquire**
Kevin G. McDonald, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA  19106
Phone: (215)-627-1322
Attorneys for Movant/Applicant

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  John R. Lyons | CHAPTER 13 |
| Debtor | |
| | |
| PENNSYLVANIA HOUSING FINANCE AGENCY | |
| Movant | |
| vs. | NO. 18-15216 MDC |
| | |
| John R. Lyons            Debtor | |
| | |
| Johanny Duran           Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| | |
| William C. Miller Esq.        Trustee | |

**ORDER**

AND NOW, this _____ day of _____, 2019 at Philadelphia, upon failure of Debtor and the Trustee to file and Answer or otherwise plead, it is:

ORDERED, ADJUDGED AND DECREED THAT, the Motion for Relief from the Automatic Stay *Nunc Pro Tunc* is **GRANTED** as follows:

(1)    The Motion is GRANTED in that U.S. Bank National Association, as Trustee for the Pennsylvania Housing Finance Agency ("Movant") is granted relief from the automatic stay on a *nunc pro tunc* basis effective as of November 5, 2018 and prospectively in that they may proceed to take any lawful action as may be appropriate to confirm and defend the outcome of said Sheriff Sale and to obtain possession of the property from the Debtor.

_____
                                                                            United States Bankruptcy Judge

John R. Lyons

2836 Michael Road
Philadelphia, PA 19152

Johanny Duran
2836 Michael Road
Philadelphia, PA 19152

Erik B. Jensen
Jensen Bagnato, PC
1500 Walnut St., Suite 1920
Philadelphia, PA 19102

William C. Miller Esq.
P.O. Box 1229
Philadelphia, PA 19105

KML Law Group, P.C.
SUITE 5000 - BNY MELLON INDEPENDENCE CENTER
701 MARKET STREET
Philadelphia, PA 19106-1532

eRecorded in Philadelphia Pa Doc Id: 52217662
06/01/2010 12:10PM                Dipt#: 907182                      3
Page 1 of 3                       Rec Fee: $168.00
Commissioner of Records           Doc Code: A
State RTT:    Local RTT:

Prepared By: Michael  Dissinger
              300 Welsh Road, Building 5
              Horsham, Pennsylvania
              19044

              (215) 591-0222 1203

Return To: Gateway Funding Diversified
           Mortgage Services
           300 Welsh Road, Building 5            RECEIVED BY PHFA        RECEIVED BY PHFA
           Horsham, Pennsylvania 19044
                                                  JUN 2 8 2010           JUN 2 8 2010

Parcel No                                        Homeownership Programs  Homeownership Programs

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned holder of a mortgage ("Assignor") whose address is
300 Welsh Road, Building 5,Horsham,PENNSYLVANIA 19044
does hereby grant, sell, assign, transfer and convey unto
                          Pennsylvania Housing Finance Agency
                          211 North Front Street
                          Harrisburg,PA 17105-5057

its successors and assigns ("Assignee"), all of its right, title and interest in a certain Mortgage dated
May 27, 2010                     made and executed by   John R Lyons and Johanny Duran


to and in favor of
Gateway Funding Diversified Mortgage Services, L.P.
upon the following described property situated in
Philadelphia                    County, State/Commonwealth of Pennsylvania
with an address of 2836 Michael Road,Philadelphia,PENNSYLVANIA 19152
and further described in Exhibit "A" attached hereto.  Such Mortgage having been given  to  secure
payment of One Hundred Eighty Eight Thousand Five Hundred Twenty Two and no/100

which mortgage is of record in Book, Volume, or Liber No.         at page no.  52217661
(or as recorded immediately prior hereto) of the Office of the Register, Clerk or Recorder of Deeds of
Philadelphia              County, State/Commonwealth of              Pennsylvania
together with the note(s) and obligations therein described and the money due and  to  become  due
thereon with interest, and all accrued or to accrue under such Mortgage.

        TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject
Only to the terms and conditions of the above described Mortgage.

        IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage
On May 27, 2010

Witness:                        Gateway Funding Diversified Mortgage Services, L.P.


Tara Scanlan                    Lesa Bruno
Closer                          Authorized Signer

GTWY005 (Rev 07/08 HN)                                              Page 1 of 2

I CERTIFY that the correct name and address of the within named Assignee is:

        Pennsylvania Housing Finance Agency
        211 North Front Street
        Harrisburg, PA 17105-5057


STATE/COMMONWEALTH OF     PENNSYLVANIA
COUNTY OF                Montgomery

Be it remembered, that on this 27th  day of May      , 2010 , before me, the undersigned officer,
personally appeared        Lesa Bruno          Authorized Signer
of Gateway Funding Diversified Mortgage Services L.P.
(name of signatory), known to me (or satisfactorily proved) to be the person whose name is
subscribed to the within instrument and acknowledged that he/she executed the same for the
purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.




                                         NOTARY PUBLIC Bridget Donovan
                                         My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRIDGET DONOVAN, Notary Public
Horsham Twp., Montgomery County
My Commission Expires August 12, 2013


GTWY005 (Rev 07/08 HN)                                             Page 2 of 2

ALL THAT CERTAIN lot or piece of ground. SITUATE in the 57th Ward of the City of Philadelphia, described according to a Plan and Survey made for Joseph Cutler and Sons Co., by Francis S. Friel for Albright and Friel Inc., Consulting Engineers approved by John J. Mckeough, Jr., Assistant Surveyor and Regulator of the 1st District, for Surveyor and Regulator of the 1st District dated July 28, 1959, to wit:

BEGINNING at a point on the Southwesterly side of Michael Road (Fifty feet wide) measured Southeastwardly along the said Southwesterly side of Michael Road on the arc of a circle curving to the left, having a radius of One Hundred and Seventy-five feet the arc length or Thirty-four feet Three and Three-quarter inches from a point of curve, which point of curve is measured South Fifty-one degrees, Zero minutes, Twenty-six seconds East along the said Southwesterly side of Michael Road the distance of Two Hundred and Forty-nine feet Ten and Three-quarter inches from a point of tangent, which point of tangent is measured Eastwardly along the said Southwesterly side of Michael Road on the arc of a circle curving to the right having a radius of One Hundred and Twenty-five feet the arc length of Eighty-nine feet Eleven and seven-eighth inches from a point of curve, which point of curve is measured North Eighty-seven degrees, Forty-four minutes, Forty-seven seconds East along the Southerly side of said Michael Road, the distance of Five feet Five and Three-eighth inches from a point of tangent, which point of tangent is measured Northeastwardly on the arc of a circle curving to the right; which connects the said Southerly side of Michael Road and the Easterly side of Chase Road (Fifty feet wide); having a radius of Twelve feet the arc length of Eighteen feet Ten and One-quarter inches from a point of curve on the said Easterly side of Chase Road, thence extending from point of beginning South-Eastwardly along the said Southwesterly side of Michael Road on the arc of a circle curving to the left having a radius of One Hundred and Seventy-five feet the arc length of Twenty-three feet Nine and One-eighth inches to a point; thence South Nineteen degrees, Fifty-six minutes, Fourteen seconds West One Hundred and Twenty-nine feet Nine and Seven-eighth inches to a point; thence North Fifty-one degrees, Zero minutes, Twenty-six seconds West Forty-one feet Nine and Five-eighth inches to a point; thence North Twenty-seven degrees, Forty-five minutes, Forty-two seconds East One Hundred and Eighteen feet One and Three-eighth inches to a point on the said Southwesterly side of Michael Road, being the first mentioned point and place of beginning. The Southeasterly line passing through the center of a party wall between the said premises and the premises adjoining on the Southeast.

BEING No. 2836 Michael Road.

BEING the same premises which Leo Filewicz and Colleen Filewicz, his wife, by Indenture bearing even date herewith and intended to be forthwith recorded at Philadelphia in the Office for the Recoding of Deeds, granted and conveyed unto John R. Lyons and Johanny Duran, as joint tenants with the right of survivorship and not as tenants in common

Parcel Numb█████████████████

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  John R. Lyons | | CHAPTER 13 |
| | Debtor | |
| PENNSYLVANIA HOUSING FINANCE AGENCY | | |
| | Movant | |
| vs. | | |
| | | NO. 18-15216 MDC |
| John R. Lyons | Debtor | |
| Johanny Duran | Co-Debtor | |
| William C. Miller Esq. | Trustee | 11 U.S.C. Sections 362 and 1301 |

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin G. McDonald, attorney for Movant, do hereby certify that true and correct copies of the foregoing Motion of PENNSYLVANIA HOUSING FINANCE AGENCY for Relief From Automatic Stay *Nunc Pro Tunc* under Section 362 and the Codebtor Stay under Section 1301 and NOTICE OF MOTION, RESPONSE DEADLINE AND HEARING DATE have been served on April 4, 2019, by first class mail, and/or electronic means upon those listed below:

<u>Debtor</u>
John R. Lyons
2836 Michael Road
Philadelphia, PA 19152

<u>Co-Debtor</u>
Johanny Duran
2836 Michael Road
Philadelphia, PA 19152

<u>Attorney for Debtor</u>
Erik B. Jensen, Esquire
Jensen Bagnato, PC
1500 Walnut St., Suite 1920
Philadelphia, PA 19102

<u>Trustee</u>
William C. Miller Esq.
P.O. Box 1229
Philadelphia, PA 19105

<u>Office of the US Trustee</u>
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Date: April 4, 2019

**/s/ Kevin G. McDonald, Esquire**
Kevin G. McDonald, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA  19106
Phone: (215)-627-1322
Attorneys for Movant/Applicant